## Valley Forge Golf Club v. De Felice & Sons, Inc.

*Wister, Pearlstein, Talone & Gerber,* for plaintiff.
*Wright, Mauck, Hawes & Spencer,* for defendant.

DANNEHOWER, J., August 9, 1954.—Plaintiff, the owner of a golf course, brought this action in trespass against defendant corporation to recover damages for an alleged direct trespass and its consequent damages

to the golf course caused by entering plaintiff's land and constructing a drainage pipe 100 feet in length, thus depositing water, mud, and silt on the fairways for a distance of 1,000 to 2,000 feet. Defendant was a contractor employed by the Pennsylvania Turnpike Commission, which condemned a strip of ground along plaintiff's northern boundary, but it is alleged defendant and its workmen trespassed 100 feet beyond the take without right, authority or consent and committed a direct trespass and damage to plaintiff's land.

Defendant has raised preliminary objections to the complaint as follows:

1. That since defendant was performing work for the Pennsylvania Turnpike Commission and since, by statute, the commission may only be sued in Dauphin County, this court has no jurisdiction over either the subject matter or this defendant.

2. That assuming jurisdiction, plaintiff has failed to join an indispensable party, the Pennsylvania Turnpike Commission.

3. That a pending jury of view proceeding in Dauphin County entitled Valley Forge Golf Club v. Pennsylvania Turnpike Commission, February term, 1954, no. 166, is a prior action and therefore requires the abatement of the instant action.

Defendant also moved for a more specific complaint on the grounds that it fails to sufficiently state the times and dates of the alleged acts of trespass and that the damages are not sufficiently itemized.

### 1. *Jurisdiction*

In support of its contention that this court has no jurisdiction over the subject matter, defendant cites the following sections of the Pennsylvania Turnpike Philadelphia Extension Act of May 16, 1940, P. L. (1941) 949, 36 PS §653(c):

"(c) The commission may sue and be sued in its own name, plead and be impleaded: Provided, however,

That any and all actions at law or in equity against the commission shall be brought only in the proper courts at the county of Dauphin.

"(k) All public or private property damaged or destroyed in carrying out the powers granted by this act shall be restored or repaired and placed in their original condition, as nearly as practicable, or adequate compensation made therefor out of funds provided under the authority of this act."

It is not necessary to interpret the scope of the above-quoted sections since they obviously deal exclusively with the liability of the Turnpike Commission itself. The instant action is in trespass for damages alleged to have been caused by a direct trespass on plaintiff's property beyond the limits of that condemned by the Turnpike Commission. Therefore, unless defendant can direct the attention of the court to a statute, which in derogation of the common law, specifically relieves a contractor from liability for direct trespass, this court has jurisdiction over the action. The law is that a tortfeasor is personally liable for damages which he directly inflicts upon the property of another, whether he is acting as servant or agent for another. It is alleged that defendant contractor committed the tort, a trespass.

Service of process having been made upon defendant's statutory agent in the County of Dauphin by the properly deputized Sheriff of Dauphin County, this court has jurisdiction over defendant.

## 2. *Nonjoinder*

Rule 2227 of the Pennsylvania Rules of Civil Procedure provides that compulsory joinder is required where the parties have a joint interest only. Since the instant action is against an alleged tortfeasor, defendant's liability may be not only joint, but it is several. Therefore, the Turnpike Commission is not indispensable and its joinder not compulsory.

### 3. *Abatement Due to Prior Action*

Defendant's contention that a pending jury of view proceedings in Dauphin County requires the abatement of this action is also without merit. The jury of view proceeding is for the purpose of justly compensating plaintiff for property condemned by the commission and has no bearing upon the liability of the contractor for a direct trespass involving property outside the condemned area. To hold that the jury of view proceeding required the abatement of the instant action would be tantamount to holding that the jury of view has the responsibility of determining the question of defendant's liability for a direct trespass over land outside of the condemned area.

Finally, defendant asks that the complaint be made more specific, since plaintiff's damages were not itemized and the times and places of the alleged trespass were not specifically stated.

After describing the alleged acts of trespass by defendant, plaintiff, in paragraphs 9 and 10 of its complaint, alleges that it will be required "to construct and lay drainage pipe across the plaintiff's property . . . to a point . . . a distance of approximately twenty six hundred (2,600) feet away", and that such construction will cost approximately $40,000. In paragraph 10 of its complaint plaintiff alleges that due to defendant's interference with plaintiff's rightful use of its premises as a golf course, plaintiff has suffered losses in the approximate amount of $10,000.

While itemization of damages is always desirable wherever possible, since the alleged trespasses in the case at bar are in the nature of continuing damages and require corrective measures not yet performed, plaintiff in the above-cited paragraphs has, to the best of its present ability, apprised defendant of the damages claimed sufficiently for defendant to prepare his answer and defend.

Defendant further contends that plaintiff should be required to specifically state the times and places of the alleged acts of trespass.

In paragraph 6 of its complaint, plaintiff states that on August 26, 1949, and "at numerous times thereafter" defendant committed the acts of trespass complained of in paragraphs 5, 6, and 7. Since the act involved here is construction work and necessarily involves numerous dates and a large area of land, it would be unfair to require plaintiff to be more specific. Plaintiff has stated the date of defendant's original entry and that the acts complained of occurred thereafter. In all fairness, it appears that the allegations of paragraphs 5, 6, 7, and 8 are sufficiently explicit to enable defendant to prepare his answer and defend.

And now, August 9, 1954, for the foregoing reasons, defendant's preliminary objections are overruled and defendant shall have the right to plead over within 20 days from notice of this decision.